MAHOE (w.) and C. B. KANAKANUI, her husband, *vs.*

A. KAUHI and KEAHI.

APPEAL FROM PRESTON, J.

HEARING, JANUARY 24, 1890. DECISION, FEBRUARY 10, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

An Attorney having been employed to purchase land for another, took the deed in his own name.

Held, that on the payment of the purchase money to the Attorney, he must execute a deed of the land to the Plaintiff.

DECISION OF PRESTON, J., APPEALED FROM.

This is a suit for a declaration that a purchase of land, made by the defendant Kauhi in his own name, was made by him as the agent and for the use of the plaintiff Mahoe and the defendant Keahi. The defendant Kauhi denied the agency, and averred that if there had been an agency it had been determined.

The defendant Keahi, at the hearing, disclaimed any interest in the purchase.

After a careful consideration of the testimony, I have arrived at the conclusion that the defendant Kauhi was employed by Mr. Wundenberg, who Kauhi knew was acting for the plaintiffs, to purchase the land in question; that he did purchase the land before such agency terminated, and took a conveyance thereof to himself contrary to his duty.

The defendant Keahi having disclaimed any interest in the property, I am of opinion that the plaintiffs are entitled to have the land conveyed to them, or either of them, as they may elect.

A decree must be made declaring that at the time of purchase of the land in the bill referred to, the defendant Kauhi was the attorney and agent of the plaintiffs, and improperly took the conveyance thereof in his own name; that upon payment by the plaintiffs to the said defendant, within ten days from the signing of the decree, of the sum of two hundred and twenty ($220) dollars, the said defendant is declared to be a trustee of the said land for the plaintiffs, and that he thereupon execute and deliver to the plaintiffs, or to either of them, as they shall elect, a good and sufficient conveyance of the said land. And that the defendant Kauhi pay to the plaintiffs the costs of this suit.

The bill will be dismissed as against the defendant Keahi, but as I am not satisfied that he has been straightforward in this transaction, I am not inclined to award him costs, and he must therefore pay his own.

### Opinion of the Full Court, by Bickerton, J.

This is a question of fact, and depends entirely on the weight of evidence and the credibility of the witnesses.

It is contended by defendant's counsel that the evidence of Wundenberg stands alone as to the fact that Kauhi was employed by him to purchase the land in question for the plaintiffs; and claims that Mr. Wundenberg only employed him to negotiate for the purchase of the land and did not mention that it was for the plaintiffs; that offers were made and that the negotiations failed and that he ceased to act as agent for Wun-

denberg, as Wundenberg would not offer more, and consequently he was free to purchase the land for himself.

On a careful examination of the evidence, this contention does not seem to be correct, on the contrary, the evidence fully sustains the finding of fact appealed from. Kanakanui testifies that after they had brought suit against Kekaina (Kauhi's grantor) which they had to discontinue in consequence of the death of Mr. A. C. Smith, their attorney, they authorized Mr. Wundenberg to go and buy the land for them; that he, Wundenberg, employed Kauhi; that Kauhi told him that he was so employed, witness's wife and another being present at the time. Witness also says: " Afterward he came to me and said he had offered the man sixty dollars and he would not take it, and I reported it to Mr. Wundenberg and found out that he had not been limited to money, but not to act like a crazy man in making the purchase." There is also the evidence of several witnesses that Kauhi went to plaintiff's house with Kekaina and talked with Mahoe about the purchase of this land ; this was before he, Kauhi, purchased it in his own name.

The defendant Kauhi testifies that Kanakanui told him the deed to Kekaina was fraudulent ; this was at the time Mahoe and Kekaina had the conversation about purchase of land, and some months after his conversation with Wundenberg; also, that Mr. Wundenberg told him the deed to Kekaina was a fraud ; also, that Kanakanui had taken steps towards opposing that deed.

Mahoe (w), one of the plaintiffs, testifies that she knew Wundenberg had employed Kauhi, for Kauhi told her so. She says : " Kauhi told my husband and myself, and also Keahi, that Wundenberg had employed him to buy the land for us ; that is, for my brother and myself; but he did not say that Wundenberg had limited him to $50.00." ·

It is clear that Wundenberg's evidence does not stand alone ; it is well supported by evidence of the other witnesses. There is no doubt in our minds that Kauhi knew that Mr. Wundenberg was acting for the plaintiffs to purchase the land in question ; that the price was left to his judgment and that he was

not limited ; that at the time he took a conveyance to himself his agency had not terminated, and that his taking the conveyance to himself was contrary to his duty as agent and attorney.

The appeal is dismissed, and the decree affirmed.

*W. A. Kinney*, for plaintiff.

*W. C. Achi*, for defendant.